JOHN K. KINCAID, appellant, *v.* STARLING TURNER, appellee.

### *Appeal from Menard.*

A. sued B. in an action on the case for setting fire to the prairie without paying proper attention thereto. The defendant pleaded that before the suit was commenced, they submitted the matter to three arbitrators who met and heard the case, when the parties agreed that a majority of the arbitrators might make an award, and that thereupon two of them made an award, &c. Issues were joined and the cause was tried by the jury, who rendered a verdict for the plaintiff. The defendant moved for a new trial, because the verdict was against the evidence, which was overruled. The Court, after reviewing the evidence, *held,* that the verdict was not so palpably against the evidence as to induce the belief that the jury misunderstood the evidence, or acted from prejudice or partiality, which should be the case before the Court would be authorized to set aside the verdict.

When a question is fairly and intelligibly submitted to a jury, their determination ought not to be set aside without the most substantial reasons.

TRESPASS ON THE CASE, &c., in the Menard Circuit Court, brought by the appellee against the appellant. The cause was heard before the Hon. Samuel H. Treat and a jury, at the June term 1845, of said Court, when a verdict was ren-

dered for the plaintiff below for $150. The defendant moved for a new trial, which was overruled.

The pleadings and evidence are recited in the Opinion of the Court.

S. W. Robbins, for the appellant.

The award of the arbitrators was fair, valid and obligatory, and the plea is a bar to the action.

Silence gives consent, for instance, the marriage ceremony. If a man bawled out "aye!" when his assent was asked by the minister, he would be considered as caring nothing about it. It is the *silence* that gives *the* consent.

An award bars all suits, &c. The law designs to carry out the intentions of the parties, and Courts will liberally construe arbitrations, and encourage them. *Gerrish* v. *Ayres*, 3 Scam. 245; Kyd on Awards, 208. As to awards being final, see Ib. 212; and as to their construction, Ib. 242. See also, *Barton* v. *Todd*, 3 Johns. 369; *Emmett* v. *Hoyt*, 17 Wend. 410; *Larkin* v. *Robbins*, 2 do. 505; *Chandler* v. *Gay*, Bre. 55; *Duncan* v. *Fletcher*, Ib. 252; Watson on Awards, 55, 65, 101, 102; *Jackson* v. *Gager*, 5 Cowen, 383.

T. L. Harris, and A. Lincoln, for the appellee.

When questions of fact are submitted to the jury, they are the sole judges. *Johnson* v. *Moulton*, 1 Scam. 532; *Leigh* v. *Hodges*, 3 do. 18; 1 Greenl. Ev. § 5.

It is admitted that if there was a valid award, it would be binding; but there was no valid, binding award made. The submission was to the decision of three men, and being under seal, no subsequent parol agreement can vary its terms. *Green* v. *Miller*, 6 Johns. 39; Kyd on Awards, 106.

There is no proof that the arbitrators were sworn, or that they heard any evidence on the subject of the submission.

As to implied assent, see 1 Greenl. Ev. 197, 199. In this case there was nothing to show the assent of the party.

The award was not in compliance with the statute. There was no oath before a justice, &c.

The Opinion of the Court was delivered by

CATON, J.* Turner sued Kincaid in the Circuit Court, and declared in trespass on the case for setting fire on the prairie and so negligently watching the same, that it run on to the plaintiff's premises and destroyed his property, &c. The defendant pleaded not guilty, and also that previous to the commencement of the suit, the parties submitted the cause of action to the arbitrament of three persons, naming them; that the arbitrators met and heard the case, when the parties agreed that a majority of the arbitrators might make an award, whereupon two of the said arbitrators made and published their award, &c. Issues were joined on both pleas, and the cause was tried by a jury who rendered a verdict for the plaintiff. The defendant moved for a new trial, because the verdict was not sustained by the evidence, which motion was overruled, and the defendant excepted.

The point principally relied upon by the defendant below, and the only one which we think it worth while to discuss is, that the evidence shows that the parties did agree that a majority of the arbitrators might make an award, which, if established, entitled the defendant to a verdict. It only becomes necessary therefore to see what was the evidence on this point. The testimony of one of the arbitrators, as it is reported in the bill of exceptions, shows, that after the cause had been submitted to the arbitrators and they had deliberated thereon, they came into the presence of the parties, and others, and stated that they could not unanimously agree on an award, but that a majority had agreed, that they could, if they chose, withdraw their bonds, and stand as they were before, or choose other men, or let the majority find. After waiting for some time, neither of the parties saying anything, some bystander remarked, that he supposed that the parties thought they could not do better than for a majority to find, and then the majority wrote and signed their award, and no objection was made to the award by any person after it had

---

* WILSON, C. J., did not sit in this case.

been made public. The testimony of another of the arbitrators is substantially the same, but he goes further and states, that the defendant offered to comply with the award after it was rendered, but the plaintiff refused. That neither of the parties said or did any thing evincing a will that a majority should, or should not act when appealed to on the subject as stated above, or made any objection after the award was declared in writing. This is the substance of the evidence on that point. On this evidence the question was clearly and distinctly put to the jury whether the parties agreed that a majority should make an award, and they have found that they did not. Although we should have been entirely satisfied and perhaps better satisfied with the verdict, had they found the other way, yet we cannot say that the verdict is so palpably against the evidence as to induce the belief that the jury misunderstood the evidence, or acted from prejudice or partiality, which should be the case before the Court would be authorized to set aside the verdict. When the arbitrators went into the presence of the parties and informed them of the state of their deliberations, they made to them three propositions: either that they should withdraw their bonds and let that arbitration fall through altogether, or select other arbitrators, or allow a majority to decide. To this no reply was made by either of the parties. It is said that by their silence they acquiesced in the proposition of the arbitrators; but if that be admitted, it may be difficult to determine to which of the three several propositions they assented by their silence, unless they may be supposed to have adopted the suggestion of the bystander, that they could not do better than for a majority to decide. Their silence, when this remark was made, and immediately after the award of the majority was published, we do not doubt would have been sufficient to have authorized the jury to have found that way; but it, as clearly, did not constrain them so to find. Their conduct was capable of another interpretation. They may have been, and perhaps were, taken by surprise, and were not prepared to answer definitely at the moment without reflection or consultation with

their friends, each might have been waiting to see what impression the proposition had on the mind of the other, and both remained in a state of suspense. When a question is fairly and intelligibly submittted to a jury, their determination ought not be set aside without the most substantial reasons. If a verdict is to be overthrown because it does not entirely correspond with the judgment of the Court, we had better abolish the trial by jury altogether, or at least *require* the Judge to tell the jury precisely and distinctly what his opinion of the case is, and require them to find accordingly, and thus save the expense of a second trial. The theory of the trial by jury is, that they are better capable of judging of facts than the Court, and to secure to suitors the benefits of this blessing, we must give them the advantage of their superior judgment. On the other questions of fact in the case, there can be no serious controversy.

The judgment is affirmed with costs.

*Judgment affirmed.*